CRAIG CUNNINGHAM )
)
    v. ) NO. 3:14-1574
)
KONDAUR CAPITAL )

TO:   Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 6, 2014 (Docket Entry No. 3) the Court referred the above captioned action to the Magistrate Judge, pursuant to Rules 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters, including proposed findings of fact and recommendations for the disposition of any dispositive motions.

Presently pending is the motion to dismiss (Docket Entry No. 12) filed by Defendant Kondaur Capital Corporation, to which the plaintiff has filed a response (Docket Entry No. 14) in opposition. Also before the Court is the plaintiff's motion (Docket Entry No. 15) for leave to amend his complaint, a response (Docket Entry No. 16) in opposition filed by Defendant Kondaur, and the plaintiff's reply (Docket Entry No. 17). Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

The plaintiff, a resident of Nashville, Tennessee, alleges that, in August 2013, he received an unspecified number of text messages on his cell phone from "Julia" stating that "they have evaluated the Plaintiff's inquiry about a home loan" and soliciting him to call 888-319-1307. See

Complaint (Docket Entry No. 1), at ¶ 7. Although the plaintiff states that he had not inquired about a home loan, had no interest in obtaining a home loan, and had not consented to receive such text messages, he nonetheless made return phone calls on at least two occasions to the number that he had been provided and spoke to callers who he asserts identified themselves as the "800 Resources Group" and "Park view legal/Park view law." Id. at ¶ 10. The plaintiff alleges:

> [he] also was told by the agents on the phone that [he] qualified for a loan from Kondaur capital and Parkview law was essentially prospecting for leads on behalf of Kondaur capital to screen people for mortgage loans, and should their credit not be sufficient, they would be solicited for services for Park view law and then Kondaur capital. . . and [the agents] said they would forward his information [to] Kondaur capital for the purposes of obtaining a mortgage.

Id. at ¶¶ 11-12.

On July 31, 2014, the plaintiff filed the instant lawsuit against Kondaur Capital, 800 Resources Group, and Park View Law. The plaintiff fails to set out a basis for federal jurisdiction but he contends that the Defendants' actions violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), "by placing unsolicited and unwelcome telephone text messages to [his] cell phone," "by the automated nature of the text messages," and because the text messages "were non-compliant with the requirements of the TCPA" because they did not contain required information. Id. at ¶¶ 15 and 17. As relief, the plaintiff seeks statutory damages of $3,000.00 for each text message, pre-judgment interest, punitive damages in the amount of $50,000.00, attorney's fees, and costs. Id. at pp. 4-5.

On August 26, 2014, the plaintiff filed a notice of voluntary dismissal with prejudice as to Defendants 800 Resources Group and Park View Law representing that he had resolved the matter with them. See Docket Entry No. 11.

In lieu of an answer, Kondaur Capital Corporation ("Kondaur")[1] filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Kondaur argues that the Complaint should be dismissed for failure to state a claim upon which relief can be granted

---

[1] Kondaur asserts in its motion that it was improperly named as Kondaur Capital in the Complaint.

2

because the facts alleged in the Complaint, even if taken as true, fail to support a viable theory of vicarious liability against Kondaur under the TCPA. Kondaur further argues that the plaintiff can no longer pursue a claim against Kondaur based upon a theory of vicarious liability because the plaintiff has voluntarily dismissed with prejudice his claims against the other two defendants. See Memorandum in Support (Docket Entry No. 13).

The plaintiff responds in opposition arguing that the Complaint satisfies notice pleading standards for stating claims under the TCPA, that vicarious liability is not the only theory of liability he asserts against Defendant Kondaur, and that the joint and several liability of the three named defendants rebuts Defendant Kondaur's contention that dismissal of the 800 Resources Group and Park View Law requires dismissal of the plaintiff's vicarious liability claim against Defendant Kondaur. See Response in Opposition (filed September 8, 2014; Docket Entry No. 14). Subsequent to filing his response in opposition, the plaintiff filed a motion to amend his complaint seeking to specifically allege his other theories of liability against Kondaur, as well as to add five "John/Jane Doe" defendant officers of Kondaur based on the theory of individual, personal liability against them. See Motion to Amend (filed October 24, 2014; Docket Entry No. 15).

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating

3

Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).


### III. CONCLUSIONS

A. Plaintiff's Pro Se Status

The plaintiff's status as a pro se litigant requires the Court to view his pleading with some measure of a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). However, the "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts ... have been willing to abrogate basic pleading essentials in pro se suits." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases).

Additionally, the Court takes notice that the plaintiff, although proceeding pro se, has filed no less than 11 other lawsuits in this District alone since 2012, alleging claims under the TCPA, the

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and/or the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq. As evidenced by his numerous lawsuits and by the substance of his filings, his instant foray into litigation is significantly unlike the ordinary pro se plaintiff who makes a one time appearance into the realm of unfamiliar legal proceedings.[2]

## B. Motion to Dismiss

The TCPA is a statute that regulates the use of telephone technology and seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. See Mims v. Arrow Fin. Servs., LLC, _ U.S. _, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); Ashland Hosp. Corp. v. Service Employees Int'l Union, Dist. 1199 WV/KY/OH, 708 F.3d 737, 740 (6th Cir.) cert. denied, _ U.S. _, 134 S. Ct. 257, 187 L. Ed. 2d 148 (2013). Among other things, the TCPA places restrictions on the use of automated telephone equipment and provides that:

> it shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action for violations of Section 227(b) as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

---

[2] The Court notes that the plaintiff seeks an award of attorney's fees as relief in this action despite the fact that he is proceeding pro se. Although no court appears to have addressed the issue of whether attorney's fees may be awarded to a successful pro se plaintiff under the TCPA, courts have found that such an award is not permissible under several other federal statutes. See Kay v. Ehrler, 499 U.S. 432, 433, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) (42 U.S.C. § 1988); Goodman v. People's Bank, 209 Fed.App'x 111, 114 (3rd Cir. 2006) (Fair Debt Collection Practices Act); Sheffield v. Sec'y of Health & Human Servs., 983 F.2d 1068 (6th Cir. 1992) (Equal Access to Justice Act); Falcone v. I.R.S., 714 F.2d 646, 647 (6th Cir. 1983) (Freedom of Information Act).

5

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Although the statute permits claims to be brought in state court, there is also concurrent federal question jurisdiction under 28 U.S.C. § 1331 over the private cause of action created by the TCPA and such claims may be pursued in both the federal courts and state courts. See Mims, supra; Charvat v. NMP, LLC, 656 F.3d 440, 446 (6th Cir. 2011).[3]

Although the Sixth Circuit has not addressed the issue, at least one other circuit court has found that the word "call" in the TCPA encompasses text messages. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009). Defendant Kondaur does not argue that the TCPA does not apply to the text messages at issue. Accordingly, the Court finds that the text messages received by the plaintiff constitute calls under the TCPA.

Defendant Kondaur's first argument for dismissal is that the Complaint does not set forth sufficient allegations supporting a theory of liability against Kondaur under the TCPA. Although Kondaur acknowledges that liability under the TCPA may be based upon a theory of vicarious liability, Kondaur argues that the plaintiff has failed to allege any facts in his Complaint that support vicarious liability. Defendant Kondaur contends that the Complaint does not set forth facts showing that a formal agency relationship existed between it and the 800 Resources Group and Park View Law, that there was apparent authority on behalf of Kondaur, or that Kondaur ratified the alleged

---

[3] The Plaintiff alleges two separate counts under the TCPA. See Complaint, at 3-4. Although neither count refers to the violation of a specific provision of the TCPA, the Court construes Count I as alleging a violation of Section 227(b)(1)(A)(iii). The language used by the plaintiff in Count II appears to implicate Section 227(d) of the TCPA. However, there is no private right of action for a violation of Section 227(d). See Ashland Hosp. Corp., 708 F.3d at 745. Accordingly, Count II should be dismissed for failure to state a claim upon which relief can be granted irrespective of the arguments made by Defendant Kondaur in its motion to dismiss.

6

unlawful actions of the 800 Resources Group and Park View Law. See Docket Entry No. 13, at 3-5. The plaintiff responds by arguing that the allegations that the Defendants sent him an unsolicited text message using an automated telephone dialing system or pre-recorded message are sufficient to assert a TCPA claim against Defendant Kondaur. The plaintiff further contends that he is not only pursuing a claim against Kondaur based on vicarious liability, but also based on direct liability and "on behalf of" liability under the TCPA. See Docket Entry No. 14, at 1-2.

In Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 468 (6th Cir. 2010), the Sixth Circuit was faced with the issue of whether the TCPA and its accompanying regulations permitted a plaintiff to recover damages under Sections 227(b) and (c) from a defendant that did not place any illegal calls but whose independent contractors did so in attempts to sell the products and services of the defendant. The Sixth Circuit invoked the doctrine of primary jurisdiction and referred the matter to the Federal Communications Commission ("FCC") to allow the agency to interpret certain provisions of the TCPA and its accompanying regulations. The FCC issued a declaratory ruling clarifying that, even though a seller may not have initiated or made a call under the TCPA, the seller may nonetheless be vicariously liable under the TCPA based on federal common law principles of agency for violations of Sections 227(b) and (c) that are committed when a third-party telemarketer initiates or places an unlawful call on behalf of the seller. In re Dish Network, LLC, 28 FCC Rcd. 6574, 2013 WL 1934349 (May 9, 2013).

Given that Defendant Kondaur acknowledges the general principle that a TCPA claim can be based upon vicarious liability and given the interpretive authority of the FCC over the TCPA, Charvat, 630 F.3d at 467, the Court finds that a theory of vicarious liability is a viable theory of recovery under Section 227(b). See Avio, Inc. v. Alfoccino, Inc., 2014 WL 1870108, *11 (E.D. Mich. May 9, 2014).[4]

_____

[4] Although the plaintiff contends in his most recent filing that Defendant Kondaur is advancing as an argument for dismissal that it "should avoid TCPA liability because [it] didn't directly place the calls in question," see Docket Entry No. 17, at 2, ¶ 7, Defendant Kondaur has not made such an argument and has acknowledged that vicarious liability may extend to third-parties

7

However, to the extent that the plaintiff contends that he has alleged or intends to allege in his proposed amended complaint additional theories of recovery against Kondaur based upon theories of direct liability or "on behalf of" liability, these are not viable theories of recovery in this action. The facts alleged by the plaintiff are that he spoke to the third parties, the 800 Resources Group and Park View Law, when he placed return phone calls in response to the text messages he received. There are no facts alleged showing that Defendant Kondaur initiated the text messages. The FCC's ruling in In re Dish Network, LLC clearly indicates that, in the context of telemarketing telephone calls [and text messages], direct liability under the TCPA applies only to entities that initiate the phone calls:

> Our rules have long drawn a distinction between the telemarketer who initiates a call and the seller on whose behalf a call is made. In accordance with those rules, as we explain below, we clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer.

28 F.C.C. Rcd. at 6582, ¶ 24. See also Smith, 2014 WL 3906923 at *3; Golan v. Veritas Entm't, LLC, 2014 WL 2095310, *4 (E.D. Mo. May 20, 2014). Although the plaintiff sets forth a hodgepodge of legal citations in support of his contention that direct liability applies to his claim against Defendant Kondaur, many of these citations are to cases or FCC rulings that predate the FCC's ruling in In re Dish Network, LLC,[5] relate to provisions of the TCPA that address telephone facsimile or "fax" advertisements,[6] or essentially adopt the theory of vicarious liability.[7] The

---

under the TCPA for the acts of another as per the ruling in In re Dish Network. See Defendant's Memorandum in Support (Docket Entry No. 13), at 4.

[5] See Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (N.D.Ill. Dec. 31, 2012); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 20 F.C.C. Rcd. 13664, 13667 (2005); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 F.C.C. Rcd. 12391, 12397 (1995).

[6] See Jackson Five Star Catering, Inc. v. Beason, 2013 WL 5966340 (E.D.Mich. Nov. 8, 2013); Machesney v. Lar-Bev of Howell, Inc., 292 F.R.D. 412, 2013 WL 1721150 (E.D.Mich. April 22, 2013); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 F.C.C. Rcd. 12391, 12397 (1995).

[7] See Cellco P'ship v. Plaza Resorts Inc., 2013 WL 5436553 (S.D.Fla. Sept. 27, 2013) .

8

plaintiff's arguments are unpersuasive in light of the clear pronouncement in In re Dish Network, LLC that vicarious liability, not direct liability, provides the basis for liability under Section 227(b) against an entity that does not actually initiate or place a telephone call or text. Additionally, the plaintiff's reliance on a theory of "on behalf of" liability is misplaced. The "on behalf of" language to which the plaintiff refers comes from Section 227(c)[8] of the TCPA, a provision that is not the basis for his claim, and the plaintiff fails to explain how, under the facts of the instant action, "on behalf of" liability would differ in any way from vicarious liability or is a viable theory of recovery.

The question thus becomes whether the Complaint sets out sufficient allegations to support a claim under the TCPA and, additionally, to support a vicarious liability claim against Defendant Kondaur. The essential allegations required to plead a claim under Section 227(b)(1)(A)(iii) are simple: the plaintiff must allege that: 1) he received a text or phone call on a telephone number assigned to a cellular telephone service, and 2) the text or phone call was made with an automatic telephone dialing system[9] or used an artificial or prerecorded voice. See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), cert. denied, 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (2013); Breslow v. Wells Fargo Bank, N.A., 857 F.Supp.2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).[10] The plaintiff's allegations clearly satisfy the first element. As to the second element, the plaintiff's allegation consists of a minimal statement that the text messages were of an "automated nature." See Complaint, at 4. Even though minimal allegations of the use of an automatic telephone dialing system have been found sufficient to satisfy the

---

[8] 47 U.S.C. § 227(c) generally provides for "do-not-call" provisions and violations.

[9] The term "automatic telephone dialing system" means "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator; and ... to dial such numbers." 47 U.S.C. § 227(a)(1).

[10] The Meyer court held that a lack of consent to receive the call or text is also a necessary element of a TCPA claim, but other courts have held that lack of consent is not an underlying element but an affirmative defense that must be proven by the defendant. See Thrasher-Lyon v. Illinois Farmers Ins. Co., 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012). Although the Sixth Circuit has not addressed this matter, the plaintiff has alleged that he did not give consent to receive the text messages at issue.

9

Rule 12(b)(6) standards, see Peatrowsky v. Persolve, 2014 WL 1215061, *4 (D. Nev. Mar. 24, 2014); Robinson v. Midland Funding, LLC, 2011 WL 1434919, *3 (S.D. Cal. Apr. 13, 2011), the plaintiff's allegation borders on being only a mere recitation of the required element. However, the plaintiff's factual allegations about the text messages indicate that the messages were repeated within a short span of time and consisted of the same content. Id. at 2. These additional allegations are sufficient to bring his complaint above the minimum level required to generally state a claim under the TCPA. See Hickey v. Voxernet LLC, 887 F.Supp.2d 1125, 1130 (W.D. Wash. 2012) (allegation regarding the generic content and automatic generation of message is sufficient to infer the use of an automatic telephone dialing system); Johansen v. Vivant, Inc., 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (a description of telephone messages in laymen's terms or of the circumstances surrounding the messages would satisfy basic pleading standards for TCPA claims). But see Freidman v. Massage Envy Franchising, LCC, 2013 WL 3026641, *2 (S.D. Cal. June 13, 2013) (allegations that text messages were generic and impersonal was not sufficient to allege that they were sent by use of an automatic telephone dialing system).

The plaintiff's allegations as to the vicarious liability of Defendant Kondaur, however, are insufficient to state such a claim. The FCC's declaratory ruling in In re Dish Network, LLC supports use of the theory of vicarious liability for a claim of TCPA violations under agency principles, including formal agency, apparent authority, and ratification. See 28 FCC Rcd. at 6584, ¶ 28. As the FCC has stated:

> The classical definition of "agency" contemplates "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." Potential liability under general agency-related principles extends beyond classical agency, however. A principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such "[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." Other principles of agency law may support liability in particular cases. For example, a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits. Such ratification may occur "through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences."

Id. at 6586–87, ¶ 34.

However, the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough. Iqbal, 556 U.S. at 678. There must sufficient factual allegations pled to support a plausible claim against the defendant based upon those facts. Id. The plaintiff's Complaint simply does not contain such facts. There are no factual allegations that Defendant Kondaur itself had any interaction with the plaintiff, and the plaintiff alleges only that he spoke with entities identified as the 800 Resources Group and Park View Law. Further, although the plaintiff alleges that he was told by these entities that they were "prospecting for leads" for Kondaur and that information would be forwarded to Kondaur "for the purposes of obtaining a mortgage," there are no factual allegations showing that these entities were in fact acting at the directive of or on behalf of Kondaur. There are also no factual allegations that the plaintiff was transferred to Kondaur during the telephone calls, that Kondaur subsequently contacted the plaintiff in any manner as a result of the telephone calls, or any other allegations from which it could reasonably be inferred that Kondaur was provided information about the plaintiff from the 800 Resources Group and Park View Law or that Kondaur was a de facto participant in the telephone calls.

A formal agency relationship arises when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." See Restatement (Third) Agency § 1.01 (2006).[11] There are no factual allegations showing that Defendant Kondaur had any control over the 800 Resources Group and Park View Law or had given them actual authority to act on its behalf. "Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." See Restatement (Third) of Agency § 2.03. Apparent

_____

[11] The federal common law of agency is in accord with the Restatement. See Opp v. Wheaton Van Lines, Inc., 231 F.3d 1060, 1064 (7th Cir. 2000).

authority is based upon some act by the principal that creates the appearance that it has granted authority to a purported agent. See Central States S.E. and S.W. Areas Pension Fund v. Kraftco, Inc., 799 F.2d 1098, 1113 (6th Cir. 1986) (en banc). There are no facts alleged that Defendant Kondaur itself took any actions as a principal that would have caused the plaintiff to believe that the 800 Resources Group and Park View Law had apparent authority to act on Kondaur's behalf. Finally, there are no allegations showing that Defendant Kondaur ratified the actions of the 800 Resources Group and Park View Law or accepted the benefits of their actions in any manner. Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." See Restatement (Third) of Agency § 4.01(1).

Even though the plaintiff's factual allegations are construed as true when reviewing the motion to dismiss, the plaintiff must "do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). While the plaintiff argues that Defendant Kondaur should be held vicariously liable based upon its purported involvement in the texts he received and/or because of the plaintiff's belief that Kondaur was the intended beneficiary of any information gleaned from his return telephone calls, the plaintiff's actual allegations against Defendant Kondaur are based upon unsupported speculation and are not sufficient to show the existence of facts that would support vicarious liability. See Smith v. State Farm Mut. Auto. Ins. Co., 2014 WL 3906923, *7-9 (N.D. Ill. Aug. 11, 2014) (plaintiff's allegations were not sufficient to plead a plausible basis for vicarious liability); Freidman, 2013 WL 3026641, at *3. The motion to dismiss should be granted.[12]

---

[12] Because the Court finds that the plaintiff's complaint fails to state a vicarious liability claim against Defendant Kondaur, it is unnecessary to address Defendant's Kondaur's alternative argument that the plaintiff's voluntary dismissal of the 800 Resources Group and Park View Law from this lawsuit with prejudice prevents him from pursuing a claim against Kondaur.

12

C. Plaintiff's Motion for Leave to Amend

The plaintiff seeks leave to amend his complaint to more specifically allege his theories of liability against Kondaur, as well as to add five "John/Jane Doe" defendant officers of Kondaur based on the theory of individual, personal liability against them. The plaintiff's motion for leave to amend should be denied.

The plaintiff's motion for leave to amend was filed more than 21 days after Defendant Kondaur served its motion to dismiss brought under Rule 12(b) of the Federal Rules of Civil Procedure. Accordingly, leave of the Court must be granted for the proposed amendment. See Rule 15(a) of the Federal Rules of Civil Procedure. Although Rule 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires," leave should not be granted when the proposed amendment would be futile because the proposed amended complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Brown v. Owens Corning Inv. Review Committee, 622 F.3d 564, 574 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980).

Review of the plaintiff's proposed amendment shows it to be futile. The proposed amended complaint contains no additional factual allegations and offers nothing that cures the deficiencies of the original complaint with respect to the vicarious liability claim against Defendant Kondaur. Further, as set out supra, the Court finds no viable basis for a TCPA claim against Kondaur based upon any other legal theory. Finally, although the plaintiff seeks to add five unknown corporate officers of Kondaur to this action based upon a theory that they are personally liable for TCPA violations, the proposed amended complaint does not contain a single factual allegation that supports such claims. While individual liability under the TCPA has been recognized as a theory of recovery in certain factual situations, merely asserting that unknown corporate officers might possibly be held personally liable under the TCPA for unknown acts that may or may not have occurred is woefully

13

insufficient to support plausible claims that would survive a motion to dismiss brought under Rule 12(b)(6). See Iqbal, 566 U.S. at 678-79; Twombly, 550 U.S. at 556-57; League of United Latin Am. Citizens, supra.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the plaintiff's Motion for Leave to Amend (Docket Entry No. 15) be DENIED; and

2) the Motion to Dismiss (Docket Entry No. 12) filed by Defendant Kondaur Capital Corporation be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

14